UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN SANDERS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:13-CV-1828 NAB |
| THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF DISMISSAL[1]

This matter is before the court on its own motion. Federal court jurisdiction is limited by Article III of the United States Constitution to actual cases and controversies. U.S. Const. art. III, § 2. "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Based on the following, the Court will dismiss this action for lack of subject matter jurisdiction.

On September 17, 2013, Plaintiffs Karen Sanders and Nicole Sanders filed this action against Defendant The Hartford Life and Accident Insurance Company for vexatious refusal to pay the limits of accidental death benefits under a policy issued to the deceased William Sanders. [Doc. 1.] On January 30, 2014, the Court asked Plaintiffs to show cause why this action should not be dismissed, because there had been no activity in the case. [Doc. 3.] Plaintiffs responded that they wanted to resolve the matter outside of litigation and asked for additional time to resolve the matter. [Doc. 4.] The Court held a status conference in this matter on March 19, 2014. At the status conference, Plaintiffs' counsel acknowledged that the Plaintiffs had not filed a proof of loss claim with the Defendant. At the conclusion of the status conference, the Court

---
[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge

granted the parties thirty days to have the proof of loss claims submitted and for a determination on the proof of loss claims. A second status conference was held on April 18, 2014. At the second status conference, the parties' counsel represented that Plaintiff Karen Sanders' claim had been denied and the insurance company sought additional information from Plaintiff Nicole Sanders regarding the claim.

Based on the procedural posture of this case, the Court finds that this case is not ripe for adjudication by the Court. "The judicially created doctrine of ripeness "flows from both the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction." *Iowa League of Cities v. Environmental Protection Agency*, 711 F.3d 844, 867 (8th Cir. 2013). The basic rationale of ripeness is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000). "It requires that before a federal court may address itself to a question, there must exist a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Id.* at 1037-38.

"Ripeness is peculiarly a question of timing and is governed by the situation at the time of review, rather than the situation at the time of the events under review." *Iowa League*, 711 F.3d at 867. "A party seeking review must show both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* "Both of these factors are weighed on a sliding scale, but each must be satisfied to at least a minimal degree." *Id.*

It is clear that the Plaintiffs have not completed the administrative process for presenting proof of loss to the Defendant. Failure to satisfy that requirement alone means that the claim is

not ripe for review and the federal court lacks jurisdiction to entertain the claim. Therefore, the Court will dismiss Plaintiffs' action without prejudice, pursuant to Fed. R. Civ. P. 12(h)(3), 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3), 41(b).

Dated this 18th day of April, 2014.

　/s/ Nannette A. Baker　
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE